## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAUREN VIUP,<br><br>     *Plaintiff*,<br><br><br>   v.<br><br>MERRICK B. GARLAND, *in his Official Capacity as Attorney General of the United States*<br><br>     *Defendant*. | Civil Action No. 24-1823 (RDM) |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Lauren Viup brings this action alleging sexual harassment, retaliation, hostile work environment, and discrimination based on sex by her former employer, ATF Louisville Group 1 (Louisville Filed Division). Dkt. 1 at 2 (Compl. ¶ 12). On October 30, 2024, Defendant Merrick Garland, in his official capacity as the Attorney General of the United States, moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(3) and (b)(6), or in the alternative, to transfer the case to the Western District of Kentucky under 28 U.S.C. § 1406(a). Dkt. 13 at 6. Plaintiff responded to Defendant's motion to dismiss and consented to a transfer of the case. Dkt. 15 at 4. Having considered the motion, the applicable law, and the interest of justice, the Court will **TRANSFER** these cases to the United States District Court for the Western District of Kentucky for the reasons stated below.

Defendant seeks to dismiss the complaint pursuant to Rule 12(b)(3) on the ground that venue does not lie in the District of Columbia. "If the district in which the action is brought does not meet the requirements of Title VII's venue provision, then that district court may either

dismiss, 'or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought.'" *Parker v. Sebelius*, 51 F. Supp. 3d 173, 175 (D.D.C. 2014) (quoting 28 U.S.C. § 1406(a). The interests of justice generally "allow[] courts to transfer cases to the appropriate judicial district rather than dismiss them." *Id.* (internal quotation marks and citation omitted).

For an action brought under Title VII of the Civil Rights Act, a specific venue provision governs the claims. *See Donnell v. Nat'l Bureau*, 568 F. Supp. 93, 94 (D.D.C. 1983). In a Title VII action, venue is proper:

> [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought [4] within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

Here, Defendant asserts that venue is improper under Title VII's provisions. Dkt. 13 at 14–16. Plaintiff does not disagree and explicitly "consents to a transfer of venue to Kentucky pursuant to 28 U.S.C. § 1406(a)." Dkt. 15 at 6. That concession, moreover, is well taken. The facts alleged in the complaint fail to establish that venue is proper in the District of Columbia. The place where the unlawful employment practice is alleged to have occurred is Louisville, Kentucky, Dkt. 1 at 2 (Compl. ¶ 12); the complaint does not allege that the employment records at issue are located in the District of Columbia; and it does not allege that Plaintiff would have worked in the District of Columbia but for the alleged unlawful practice. Although Defendant's principal office is in the District of Columbia, that provision applies only "if the respondent is not found within any . . . district," that otherwise qualifies under § 2000e-5(f)(3). *See James v.*

*Booz-Allen*, 227 F. Supp. 2d 16, 24 (D.D.C. 2002) ("[T]he court need not consider the fourth prong of the Title VII venue statute in determining whether venue is proper in this district" where the "analysis of the first three prongs reveal[ed] that the plaintiff could properly assert venue in several other districts").  Accordingly, venue is improper in this district.

Under 28 U.S.C. § 1404(a), when venue is improper, the Court may transfer a case to "any other district or division where it might have been brought" for the "convenience of [the] parties and witnesses, in the interest of justice."  "The decision whether to dismiss or transfer is committed to the sound discretion of the Court; however, the interest of justice generally requires transferring a case to the appropriate district in lieu of dismissal."  *Parker*, 51 F. Supp. 3d at 176. In light of the consent of the parties, and because venue is improper in this district, this Court exercises its discretion to transfer this case to the Western District of Kentucky and will not otherwise consider Defendant's motion to dismiss.  *See Mohammadi v. Scharfen*, 609 F. Supp. 2d 14, 16 n.2 (D.D.C. 2009).

Accordingly, the Court **GRANTS** in part and **DENIES** in part Defendant's motion to dismiss and in the alternative, motion to transfer, Dkt. 13.  The motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(3) is **DENIED**, and the motion to transfer is **GRANTED**.  Because this Court lacks venue, it will not reach Defendant's remaining arguments.  The Clerk of Court is **ORDERED** to transfer this case to the United States District Court for the Western District of Kentucky.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  December 19, 2024